# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**　　　**2. PLEASE TYPE OR PRINT**　　　**3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| MERCURY PUBLIC AFFAIRS LLC, Plaintiff, -against- AIRBUS DEFENCE AND SPACE, S.A.U. f/k/a Airbus Military, Defendant | USDC, SDNY | Mary Kay Vyskocil |

| Date the Order or Judgment Appealed from was Entered on the Docket: 10/1/2020 | District Court Docket No.: 19 cv 7518 |
|---|---|
| Date the Notice of Appeal was Filed: 10/5/2020 | Is this a Cross Appeal? ☐ Yes ☑ No |

**Attorney(s) for Appellant(s):**
☐ Plaintiff
☑ Defendant

Counsel's Name: Jeff E. Butler　Address: Clifford Chance US LLP, 31 West 52 Street, New York, NY 10019　Telephone No.: Tel. (212) 878-8000;　Fax No.: Fax (212) 878-8375;　E-mail: jeff.butler@cliffordchance.com

**Attorney(s) for Appellee(s):**
☑ Plaintiff
☐ Defendant

Counsel's Name: Conor E. Brownell　Address: Llipes Mathias Wexler Friedman LLP, 54 State Street, Albany, New York 12207;　Telephone No.: Tel. 518-462-0110;　Fax No.: Fax. 518-462-5260;　E-mail: cbrownell@lippes.com

| Has Transcript Been Prepared? N/A | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|

If Yes, provide the following:

Case Name:

2d Cir. Docket No.:　　Reporter Citation: (i.e., F.3d or Fed. App.)

***ADDENDUM "A":*** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

***ADDENDUM "B":*** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

**1. Federal Jurisdiction**

☐ U.S. a party
☑ Diversity
☐ Federal question (U.S. not a party)
☐ Other (specify): _____

**2. Appellate Jurisdiction**

☐ Final Decision
☑ Interlocutory Decision Appealable As of Right
☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))
☐ Other (specify): _____

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

## PART B:  DISTRICT  COURT DISPOSITION   (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| ☑ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br>  lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6)<br>  failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>  frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>  other dismissal | ☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☐ Judgment / Decision of the Court<br>☐ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☑ Other (specify):  Order refusing<br>a stay. | ☑ Damages:      ☐ Injunctions:<br><br>☑ Sought: $ 171,533.23  ☐ Preliminary<br>☐ Granted: $ _____  ☐ Permanent<br>☐ Denied: $ _____  ☐ Denied |

## PART C:  NATURE OF SUIT   (Check as many as apply)

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☐ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): _____ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>  Maritime<br>☐ Assault /<br>  Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>  Maritime<br>☑ Arbitration<br>☑ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>  Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☑ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes  ☑ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes  ☑ No |

1.  Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____  ☑ No

2.  To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)   Arises from substantially the same case or controversy as this appeal?    ☐ Yes   ☑ No

    (B)   Involves an issue that is substantially similar or related to an issue in this appeal?   ☐ Yes   ☑ No

If yes, state whether  ☐ "A," or  ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: 11/10/2020 | Signature of Counsel of Record:  s/ Jeff E. Butler |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C**  (Rev. December 2016)

### Addendum A

**(1)    Nature of the Action**

Mercury Public Affairs LLC ("Mercury") performed certain services for Airbus Defence and Space, S.A.U. ("ADSS") in 2013 and 2014 in connection with a sales campaign for Airbus Transport and Mission Aircraft.   In June 2014, ADSS sent Mercury a draft contract that memorialized the arrangement.   The parties to the draft contract were Mercury and ADSS's affiliate, Airbus Defence and Space, Inc. ("ADSI").   Mercury signed the draft contract and returned it to ADSS, but it was never countersigned by ADSI or ADSS.   The draft contract signed by Mercury contained an arbitration clause requiring disputes to be resolved by arbitration under the rules of the International Chamber of Commerce in Washington, D.C.

In November 2015, Mercury filed an action against ADSS and ADSI in the United States District Court for the Southern District of New York captioned *Mercury Public Affairs, LLC v. Airbus Defence and Space, S.A.U., f/k/a Airbus Military*, Civil Action No. 19-7518 (VSB).   ADSI was later dropped from the case through the filing of an Amended Complaint naming ADSS as the sole defendant.

**(2)    Result Below**

ADSS moved to dismiss based, in part, on the arbitration clause contained in the draft contract signed by Mercury.   In an Opinion and Order dated August 21, 2020, the District Court denied ADSS's motion to dismiss, finding "no evidence of an arbitration agreement between Mercury and ADSS."   Pursuant to the District Court's Individual Rules and Practices, ADSS requested a pre-motion conference with respect to a motion to stay pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3.   The District Court denied ADSS's request in a memorandum endorsement dated October 1, 2020, effectively refusing to stay the case.

**(3)**    **Notice of Appeal & District Court Docket Sheet**

Annexed hereto

**(4)**    **Opinions/Orders Forming Basis of Appeal**

Annexed hereto

**Addendum B**

**Proposed Issue and Applicable Standard of Review**

Issue:  Whether this action should be stayed pursuant to Section 3 of the Federal

Arbitration Act, 9 U.S.C. § 3.

Standard of Review: *De Novo*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERCURY PUBLIC AFFAIRS LLC,

               Plaintiff,

        -against-                    1:19-cv-7518-MKV

AIRBUS DEFENCE AND SPACE, S.A.U.
f/k/a Airbus Military,

               Defendant.

## NOTICE OF APPEAL

Notice is hereby given that Airbus Defence and Space, S.A.U., the defendant in the above-captioned case ("Defendant"), hereby appeals to the United States Court of Appeals for the Second Circuit from an Order filed October 1, 2020 (Docket No. 35) denying Defendant's request for a pre-motion conference to discuss a motion to stay the proceeding pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3.  This Order follows the Court's Opinion and Order Denying Motion to Dismiss filed August 21, 2020 (Docket No. 30) denying Defendant's motion to dismiss in favor of arbitration pursuant to Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2.

Dated: October 5, 2020                 By:   _s/ Jeff E. Butler_____

                                         Jeff E. Butler
                                         CLIFFORD CHANCE US LLP
                                         31 West 52nd Street
                                         New York, New York 10019
                                         Tel: 212-878-8000
                                         Fax: 212-878-8375

                                         *Attorneys for Airbus Defence and*
                                         *Space, S.A.U.*

APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:19-cv-07518-MKV

| | |
|---|---|
| Mercury Public Affairs, LLC v. Airbus Defence and Space, S.A.U. et al | Date Filed: 08/12/2019 |
| Assigned to: Judge Mary Kay Vyskocil | Jury Demand: None |
| Cause: 28:1332bc Diversity-Breach of Contract | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**Mercury Public Affairs, LLC**     represented by     **Sean O'Brien**
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
518-669-0813
Email: sobrien@lippes.com
*ATTORNEY TO BE NOTICED*

**Conor Eric Brownell**
Lippes Mathias Wexler Friedman LLP
54 State Street
Albany, NY 12207
518-462-0110
Fax: 518-462-5260
Email: cbrownell@lippes.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Airbus Defence and Space, S.A.U.**     represented by     **Jeff Edward Butler**
*formerly known as*
Airbus Military

Clifford Chance US LLP (200 Park)
31 West 52nd Street
New York, NY 10019
(212)-878-8205
Fax: (212)-878-8375
Email: jeff.butler@cliffordchance.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael George Lightfoot**
Clifford Chance US, LLP (NYC)
31 West 52nd Street
New York, NY 10019
(212)-878-4963
Email:

michael.lightfoot@cliffordchance.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Airbus Defense and Space, Inc.**                represented by **Jeff Edward Butler**
*TERMINATED: 12/13/2019*                                          (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Michael George Lightfoot**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/12/2019 | 1 | COMPLAINT against Airbus Defence and Space, S.A.U., Airbus Defense and Space, Inc.. (Filing Fee $ 400.00, Receipt Number ANYSDC-17411834)Document filed by Mercury Public Affairs, LLC. (Attachments: # 1 Exhibit Exhibits 1-7)(Brownell, Conor) (Entered: 08/12/2019) |
| 08/12/2019 | 2 | CIVIL COVER SHEET filed. (Brownell, Conor) (Entered: 08/12/2019) |
| 08/12/2019 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Omnicon Group Inc. for Mercury Public Affairs, LLC. Document filed by Mercury Public Affairs, LLC.(Brownell, Conor) (Entered: 08/12/2019) |
| 08/12/2019 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to Airbus Defence and Space, S.A.U. f/k/a Airbus Military, re: 1 Complaint. Document filed by Mercury Public Affairs, LLC. (Brownell, Conor) (Entered: 08/12/2019) |
| 08/12/2019 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to Airbus Defense and Space, Inc., re: 1 Complaint. Document filed by Mercury Public Affairs, LLC. (Brownell, Conor) (Entered: 08/12/2019) |
| 08/13/2019 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Vernon S. Broderick. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (pne) (Entered: 08/13/2019) |
| 08/13/2019 | | Magistrate Judge Barbara C. Moses is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (pne) (Entered: 08/13/2019) |
| 08/13/2019 | | Case Designated ECF. (pne) (Entered: 08/13/2019) |
| 08/13/2019 | 6 | ELECTRONIC SUMMONS ISSUED as to Airbus Defence and Space, S.A.U.. (pne) (Entered: 08/13/2019) |
| 08/13/2019 | 7 | ELECTRONIC SUMMONS ISSUED as to Airbus Defense and Space, Inc.. (pne) (Entered: 08/13/2019) |
| 08/13/2019 | | ***NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Conor Eric Brownell.** |

|  |  |  |
|---|---|---|
|  |  | **The following case opening statistical information was erroneously selected/entered: Cause of Action code 15:294; Nature of Suit code 150 (Contract: Recovery/Enforcement); Fee Status code due (due). The following correction(s) have been made to your case entry: the Cause of Action code has been modified to 28:1332bc; the Nature of Suit code has been modified to 190 (Contract: Other); the Fee Status code has been modified to pd (paid). (pne)** (Entered: 08/13/2019) |
| 08/13/2019 |  | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Conor Eric Brownell. The party information for the following party/parties has been modified: Airbus Defence and Space, S.A.U.. The information for the party/parties has been modified for the following reason/reasons: alias party name was omitted. (pne)** (Entered: 08/13/2019) |
| 09/24/2019 | 8 | PROPOSED STIPULATION AND ORDER. Document filed by Airbus Defence and Space, S.A.U., Airbus Defense and Space, Inc.. (Butler, Jeff) (Entered: 09/24/2019) |
| 09/24/2019 | 9 | AFFIDAVIT OF SERVICE of Summons and Complaint. Airbus Defense and Space, Inc. served on 9/3/2019. Service was accepted by Frances Fernendez. Document filed by Mercury Public Affairs, LLC. (Brownell, Conor) (Entered: 09/24/2019) |
| 10/04/2019 | 10 | CLERK CERTIFICATE OF MAILING 1 (one) copy of the Summons, Complaint with corresponding exhibits, ECF Rules, and Judge Brodericks Individual Rules to defendant, Airbus Defence and Space, S.A.U., Avenida De Aragon, 404, Madrid, Spain 28022 on 10/3/2019 by Federal Express tracking # 8128 4723 0243, to the individual of the foreign state, pursuant to the provisions of FRCP 4(f)2(c)(ii). (gpe) (Entered: 10/04/2019) |
| 10/04/2019 | 11 | STIPULATION ON SERVICE AND TIME TO RESPOND TO COMPLAINT: IT IS HEREBY STIPULATED by and between the undersigned counsel that the time for defendant ADSI to answer, move to dismiss or otherwise respond to the Complaint shall be extended to the earlier of (i) the date falling 21 days after the filing of a certificate of service with respect to ADS SA or (ii) November 22, 2019; IT IS FURTHER STIPULATED by and between the undersigned counsel that, except as provided above, nothing in this Stipulation shall waive any right or defense of any party, all of which are expressly reserved. The parties are directed to submit all further requests for extensions of time by letter-motion, in accordance with Rule 1(G) of my Individual Rules and Practices in Civil Cases. IT IS SO ORDERED. (Airbus Defense and Space, Inc. answer due 11/22/2019.) (Signed by Judge Vernon S. Broderick on 10/4/2019) (rro) (Entered: 10/04/2019) |
| 11/05/2019 |  | CLERK CERTIFICATE OF MAILING RECEIVED for Summons and Complaint with corresponding exhibits; ECF Rules; and Judge Broderick's Individual Rules mailed to AIRBUS DEFENCE AND SPACE, S.A.U. on 10/3/2019 by Federal Express tracking # 8128 4723 0243, as per 10 Clerk Certificate of Mailing, RECEIVED ON: 10/7/2019. (gpe) (Entered: 11/05/2019) |
| 11/22/2019 | 12 | NOTICE OF APPEARANCE by Jeff Edward Butler on behalf of Airbus Defence and Space, S.A.U., Airbus Defense and Space, Inc.. (Butler, Jeff) (Entered: 11/22/2019) |
| 11/22/2019 | 13 | NOTICE OF APPEARANCE by Michael George Lightfoot on behalf of Airbus Defence and Space, S.A.U., Airbus Defense and Space, Inc.. (Lightfoot, Michael) (Entered: 11/22/2019) |
| 11/22/2019 | 14 | MOTION to Dismiss *the Complaint*. Document filed by Airbus Defence and Space, S.A.U., Airbus Defense and Space, Inc..(Butler, Jeff) (Entered: 11/22/2019) |
| 11/22/2019 | 15 | MEMORANDUM OF LAW in Support re: 14 MOTION to Dismiss *the Complaint*. . Document filed by Airbus Defence and Space, S.A.U., Airbus Defense and Space, Inc.. (Butler, Jeff) (Entered: 11/22/2019) |

| 11/22/2019 | 16 | **FILING ERROR - CORPORATE PARENT/OTHER AFFILIATE NOT ADDED -** RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Airbus Defense and Space, Inc.(Butler, Jeff) Modified on 12/4/2019 (ldi). (Entered: 11/22/2019) |
| --- | --- | --- |
| 11/22/2019 | 17 | **FILING ERROR - CORPORATE PARENT/OTHER AFFILIATE NOT ADDED -** RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Airbus Defence and Space, S.A.U..(Butler, Jeff) Modified on 12/4/2019 (ldi). (Entered: 11/22/2019) |
| 11/26/2019 | 18 | ORDER: Accordingly, it is hereby: ORDERED that Plaintiff shall file any amended complaint by December 13, 2019. It is unlikely that Plaintiff will have a further opportunity to amend. IS FURTHER ORDERED that if no amended complaint is filed, Plaintiff shall instead serve any opposition to the motion to dismiss by December 23, 2019. Defendants' reply, if any, shall be served by January 6, 2020. At the time any reply is served, the moving party shall supply Chambers with two courtesy copies of all motion papers pursuant to my Individual Rules by mailing or delivering them to the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. (Amended Pleadings due by 12/13/2019.) (Signed by Judge Vernon S. Broderick on 11/26/2019) (jwh) (Entered: 11/26/2019) |
| 12/04/2019 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Jeff Edward Butler to RE-FILE Document 17 Rule 7.1 Corporate Disclosure Statement, 16 Rule 7.1 Corporate Disclosure Statement. ERROR(S): Corporate Parents/Other affiliates were not added. Please re-file this document and when prompted: Are there any corporate parents or other affiliates?, select the YES radio button and enter the Corporate Parent(s) or Affiliate(s). (ldi)** (Entered: 12/04/2019) |
| 12/04/2019 | 19 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Airbus SE for Airbus Defense and Space, Inc.. Document filed by Airbus Defense and Space, Inc..(Butler, Jeff) (Entered: 12/04/2019) |
| 12/04/2019 | 20 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Airbus SE for Airbus Defence and Space, S.A.U.. Document filed by Airbus Defence and Space, S.A.U..(Butler, Jeff) (Entered: 12/04/2019) |
| 12/11/2019 | 21 | NOTICE OF APPEARANCE by Sean O'Brien on behalf of Mercury Public Affairs, LLC. (O'Brien, Sean) (Entered: 12/11/2019) |
| 12/12/2019 | 22 | AMENDED COMPLAINT amending 1 Complaint against Airbus Defence and Space, S.A.U..Document filed by Mercury Public Affairs, LLC. Related document: 1 Complaint. (Attachments: # 1 Exhibit Exhibits 1-7)(Brownell, Conor) (Entered: 12/12/2019) |
| 12/17/2019 | 23 | LETTER MOTION for Extension of Time *to answer or move to dismiss the Amended Complaint* addressed to Judge Vernon S. Broderick from Jeff E. Butler dated December 17, 2019. Document filed by Airbus Defence and Space, S.A.U..(Butler, Jeff) (Entered: 12/17/2019) |
| 12/18/2019 | 24 | ORDER granting 23 Letter Motion for Extension of Time. APPLICATION GRANTED. SO ORDERED. (Motions due by 1/16/2020.) (Signed by Judge Vernon S. Broderick on 12/18/2019) (rro) (Entered: 12/18/2019) |
| 12/18/2019 | | Set/Reset Deadlines: Airbus Defence and Space, S.A.U. answer due 1/16/2020. (rro) (Entered: 12/18/2019) |
| 01/16/2020 | 25 | MOTION to Dismiss *pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and Section 2 of the Federal Arbitration Act*. Document filed by Airbus Defence and |

| | | Space, S.A.U..(Butler, Jeff) (Entered: 01/16/2020) |
|---|---|---|
| 01/16/2020 | 26 | MEMORANDUM OF LAW in Support re: 25 MOTION to Dismiss *pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and Section 2 of the Federal Arbitration Act.* . Document filed by Airbus Defence and Space, S.A.U. (Butler, Jeff) (Entered: 01/16/2020) |
| 01/30/2020 | 27 | MEMORANDUM OF LAW in Opposition re: 25 MOTION to Dismiss *pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and Section 2 of the Federal Arbitration Act.* . Document filed by Mercury Public Affairs, LLC. (Attachments: # 1 Affidavit of Morris Reid)(Brownell, Conor) (Entered: 01/30/2020) |
| 02/05/2020 | | NOTICE OF CASE REASSIGNMENT to Judge Mary Kay Vyskocil. Judge Vernon S. Broderick is no longer assigned to the case..(wb) (Entered: 02/05/2020) |
| 02/06/2020 | 28 | REPLY MEMORANDUM OF LAW in Support re: 25 MOTION to Dismiss *pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and Section 2 of the Federal Arbitration Act.* . Document filed by Airbus Defence and Space, S.A.U...(Butler, Jeff) (Entered: 02/06/2020) |
| 07/22/2020 | 29 | ORDER denying as moot 14 Motion to Dismiss (HEREBY ORDERED by Judge Mary Kay Vyskocil)(Text Only Order) (aap) (Entered: 07/22/2020) |
| 08/21/2020 | 30 | OPINION AND ORDER DENYING MOTION TO DISMISS re: 25 MOTION to Dismiss *pursuant to Rule 12(b) (2) of the Federal Rules of Civil Procedure and Section 2 of the Federal Arbitration Act.* filed by Airbus Defence and Space, S.A.U.. For the foregoing reasons, Defendants Motion to Dismiss the Amended Complaint for lack of personal jurisdiction and under the Federal Arbitration Act (ECF No. 25) is DENIED. The Defendant is directed to file an answer on or before September 7, 2020. The Clerk of the Court is respectfully requested to close the docket entry at ECF No. 25. SO ORDERED. (Signed by Judge Mary Kay Vyskocil on 8/21/2020) (ks) (Entered: 08/21/2020) |
| 08/21/2020 | | Set/Reset Deadlines: Airbus Defence and Space, S.A.U. answer due 9/7/2020. (ks) (Entered: 09/02/2020) |
| 09/07/2020 | 31 | ANSWER to 22 Amended Complaint. Document filed by Airbus Defence and Space, S.A.U...(Butler, Jeff) (Entered: 09/07/2020) |
| 09/15/2020 | 32 | NOTICE OF INITIAL PRETRIAL CONFERENCE: The Court directs counsel for all parties to appear at an Initial Pretrial Conference on October 27, 2020 at 11:30AM. The conference will be held telephonically. To join the conference, dial 888-278-0296 and enter access code 5195844. Initial Conference set for 10/27/2020 at 11:30 AM before Judge Mary Kay Vyskocil. (Signed by Judge Mary Kay Vyskocil on 9/15/2020) (va) (Entered: 09/15/2020) |
| 09/25/2020 | 33 | LETTER addressed to Judge Mary Kay Vyskocil from Jeff E. Butler dated 9/25/2020 re: to request a pre-motion conference with respect to a motion to stay this proceeding. Document filed by Airbus Defence and Space, S.A.U...(Butler, Jeff) (Entered: 09/25/2020) |
| 09/30/2020 | 34 | LETTER addressed to Judge Mary Kay Vyskocil from Conor E. Brownell dated September 30, 2020 re: Response/Opposition to Defendant's letter request for a pre-motion conference. Document filed by Mercury Public Affairs, LLC..(Brownell, Conor) (Entered: 09/30/2020) |
| 10/01/2020 | 35 | MEMO ENDORSEMENT on re: 33 Letter filed by Airbus Defence and Space, S.A.U. ENDORSEMENT: Defendant's request for a pre-motion conference is DENIED. The parties should be prepared to discuss this matter at the Initial Pretrial Conference scheduled for October 27, 2020. (Signed by Judge Mary Kay Vyskocil on 10/1/2020) (mro) (Entered: 10/01/2020) |

| 10/05/2020 | [36] | NOTICE OF INTERLOCUTORY APPEAL from [35] Memo Endorsement, [30] Memorandum & Opinion,,. Document filed by Airbus Defence and Space, S.A.U.. Filing fee $ 505.00, receipt number ANYSDC-21986531. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Butler, Jeff) (Entered: 10/05/2020) |
|---|---|---|
| 10/05/2020 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: [36] Notice of Interlocutory Appeal,..(nd) (Entered: 10/05/2020) |
| 10/05/2020 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for [36] Notice of Interlocutory Appeal, filed by Airbus Defence and Space, S.A.U. were transmitted to the U.S. Court of Appeals..(nd) (Entered: 10/05/2020) |
| 10/23/2020 | [37] | LETTER MOTION to Adjourn Conference *sine die* addressed to Judge Mary Kay Vyskocil from Jeff E. Butler dated 10/23/2020. Document filed by Airbus Defence and Space, S.A.U...(Butler, Jeff) (Entered: 10/23/2020) |
| 10/23/2020 | [38] | ORDER granting [37] Letter Motion to Adjourn Conference. The parties' request for an adjournment is GRANTED. The Initial Pretrial Conference scheduled for October 27, 2020, at 11:30 AM is hereby adjourned sine die. The parties shall file a stipulation of dismissal or a letter on the status of settlement on or before November 22, 2020. (Signed by Judge Mary Kay Vyskocil on 10/23/2020) (cf) (Entered: 10/23/2020) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/10/2020 14:05:51 | | |
| **PACER Login:** | rw0001111 | **Client Code:** | 36-40657189 |
| **Description:** | Docket Report | **Search Criteria:** | 1:19-cv-07518-MKV |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?928604937571537-L_1_0-1　　　　　　　6/6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   08/21/2020

MERCURY PUBLIC AFFAIRS LLC,

                         Plaintiff,

         -against-

AIRBUS DEFENCE AND SPACE, S.A.U.
   f/k/a Airbus Military,

                         Defendant.

1:19-cv-7518-MKV

OPINION AND ORDER DENYING
MOTION TO DISMISS

MARY KAY VYSKOCIL, United States District Judge:

Defendant Airbus Defence and Space, S.A.U. ("ADSS") filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and Section 2 of the Federal Arbitration Act (9 U.S.C. § 2). (Def.'s Mot. Dismiss [ECF No. 25]; Def.'s Mem. Supp. Mot. Dismiss [ECF No. 26] [hereinafter "Def.'s Br."]). Plaintiff Mercury Public Affairs LLC ("Mercury") timely filed an opposition and submitted an affidavit in support of its jurisdictional allegations. (Pl.'s Mem. Opp. Mot. Dismiss [ECF No. 27] [hereinafter "Pl.'s Opp."]; Pl.'s Aff. Morris Reid [ECF No. 27-1] [hereinafter "Reid Aff."].) Defendant filed a reply, but at no point did it submit any affidavits or other evidence speaking to personal jurisdiction. (Def.'s Reply Mem. Supp. Mot. Dismiss [ECF No. 28] [hereinafter "Def.'s Reply"].) For the reasons discussed below, Defendant's Motion is DENIED.

**BACKGROUND**

**A. Factual Background**

Mercury, a Delaware LLC with its principal place of business in New York, provides consulting services for government and foreign affairs matters. (Am. Compl. ¶¶ 2, 8 [ECF No. 22].) Defendant ADSS is a Spanish Corporation with its principal place of business in Spain. (Am. Compl. ¶ 7.) In April 2013, Mercury was hired by ADSS and its affiliate, nonparty Airbus Defense and Space, Inc.

("ADSI")[1] to provide consulting service to ADSS in connection with its efforts to sell aircraft to the United Nations and certain African nations. (Am. Compl. ¶¶ 10–12.) Mercury alleges that, from April 2013 to June 2014, it performed services according to a verbal agreement with ADSS, pursuant to which Mercury would be paid $10,125.00 per month for consulting work. (Am. Compl. ¶¶ 10–14.) This work involved the facilitation of multiple meetings with foreign officials, much of which was performed out of Mercury's New York City office, which it refers to as its "headquarters." (Am. Compl. ¶ 17.) In addition, Mercury alleges that representatives of ADSS attended some of those meetings, which took place both at the United Nations headquarters in New York City and in the surrounding New York City environs not part of the U.N. complex. (Am. Compl. ¶ 16; Reid Aff. ¶¶ 2– 4.)

According to the Amended Complaint, in June 2014, ADSS sent Mercury an unsigned contract that memorialized the previously agreed upon payment terms. (Am. Compl. ¶ 21.) The contract, attached to the Amended Complaint as Exhibit 1, designated ADSI (rather than ADSS) as counterparty to Mercury, purportedly because internal Airbus procedure dictated that since Mercury is a U.S. company, it needed to be retained by a U.S. division of Airbus. (Am. Compl. ¶ 22.) Mercury claims that this was the only contact it had with ADSI. (Am. Compl. ¶ 23.) Mercury made revisions to the draft contract, signed it, and returned it to ADSI. (Am. Compl. ¶ 26.) However, neither ADSI nor ADSS ever executed the revised contract. (Am. Compl. ¶ 27.) This partially executed contract, which ADSS itself refers to as a "draft contract," contains an arbitration provision that ADSS now seeks to enforce. (Def.'s Br. 2.)

In August 2014, having received no payments from ADSS or ADSI, Mercury ceased performing its work. (Am. Compl. ¶ 28.) In November 2015, ADSS allegedly offered Mercury a

---

[1] ADSI, a Delaware corporation with its principal place of business in Virginia, was originally named as a defendant in this action alongside ADSS. (Compl. ¶ 4 [ECF No. 1].) When both defendants moved to dismiss for lack of diversity jurisdiction (Defs.' Mot. Dismiss [ECF No. 14]), Mercury amended its complaint to drop ADSI as a party (*see* Am. Compl.), thereby mooting the original Motion to Dismiss.

"Settlement Proposal" of $171,533.23 in satisfaction of its obligations for the work performed by Mercury. (Am. Compl. ¶ 34; *see also* Am. Compl. Ex. 3.) While Mercury claims it accepted the offer, no payment has been forthcoming. (Am. Compl. ¶¶ 35–38.)

### B. Procedural Background

Plaintiff asserts that the Court has specific jurisdiction over ADSS on the basis that ADSS transacted business in New York by contracting with Mercury, a New York-based company, for consulting services to be performed out of Mercury's New York office and by attending meetings in New York. (Pl.'s Opp. 3–6; *see also* Am. Compl. ¶¶ 10–18.) Plaintiff further asserts that its claim arises directly from that business. (Pl.'s Opp. 6–7.) Defendant moves to dismiss, arguing that the Amended Complaint fails to allege minimum contacts between ADSS and the State of New York sufficient to meet the criteria of New York's long-arm statute (N.Y. C.P.L.R. § 302) or constitutional due process requirements. (Def.'s Br. 4–7.) In support of its jurisdictional attack, Defendant proffers no evidence either with its moving papers or on reply. Plaintiff, on the other hand, submitted with its opposition brief the jurisdictional affidavit of Morris Reid. (*See* Reid Aff.)

### LEGAL STANDARD

### I. Personal Jurisdiction

Where a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), it is the plaintiff's obligation to demonstrate that the court has jurisdiction over the defendant. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). The plaintiff is granted some leeway in meeting this burden. To survive a motion to dismiss, the plaintiff need only make a *prima facie* showing that the defendant is subject to personal jurisdiction. *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993).

The jurisdictional analysis is not limited to the allegations of the complaint. The court may consider supplemental materials, including affidavits, provided by either party. *See Cooke v.*

*United States*, 918 F.3d 77, 80 (2d Cir.), *cert. denied*, 139 S. Ct. 2748 (2019); *see also Petra Bank*, 989 F.2d at 79.[2]  "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *MacDermid*, 702 F.3d at 727 (citing *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir.1993)).  Furthermore, "where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." *Petra Bank*, 989 F.2d at 79.

Personal jurisdiction requires a two-step analysis.  *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002).  First, the Court must analyze whether the law of the state—here, New York's long-arm statute, N.Y. C.P.L.R. § 302—subjects the defendant to jurisdiction.  *Id.*  Second, the Court must evaluate whether the exercise of jurisdiction would comport with constitutional due process protections.  *Id.*; *see also Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001)).

A party may be subject to personal jurisdiction under New York's long-arm statute if it transacts business within the state and the asserted claims arise from that transaction.  N.Y. C.P.L.R. § 302(a)(1); *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996).  The determination of whether a party has transacted business in New York is ultimately based on the totality of the circumstances.  *Agency Rent A Car*, 98 F.3d at 29.

---

[2] Defendant's assertion that affidavits are appropriate only in determining subject matter jurisdiction and not personal jurisdiction (Def.'s Reply 2 n.1) is entirely unsupported and without merit.  Even a cursory review of case law reveals myriad examples to the contrary. *See, e.g.*, *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 728 (2d Cir. 2012) (assuming the truth of Plaintiff's affidavit in opposition to Defendant's Motion to Dismiss for lack *of personal jurisdiction*).

The Second Circuit has outlined a series of four nonexclusive factors drawn from state case law that often bear on this analysis:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires [defendant] to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004) (quoting *Agency Rent A Car*, 98 F.3d at 29). Even a single contact can be sufficient to establish jurisdiction, particularly where it is a purposeful action by the defendant. *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 166 (2d Cir. 2005). For a claim to be said to "arise from" that contact, courts require a "substantial nexus between the business transacted and the cause of action sued upon." *Agency Rent A Car*, 98 F.3d at 31.

The exercise of jurisdiction must also comport with constitutional due process requirements that the defendant have certain "minimum contacts" with the forum state and that the suit "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 317 (1945) (internal quotation marks omitted). There are, of course, two types of personal jurisdiction, general and specific. *See, e.g.*, *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017); *see also Daimler AG*, 571 U.S. at 127; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Int'l Shoe*, 326 U.S. at 318 (1945). This case implicates the latter. *Daimler AG*, 571 U.S. at 128 (internal quotation marks and alteration omitted) ("Since *International Shoe*, specific jurisdiction has become the centerpiece of modern jurisdiction theory, while general jurisdiction has played a reduced role." (quoting *Goodyear*, 564 U.S. at 925)). As the Supreme Court has frequently articulated over the

last decade, specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919 (internal quotation marks and alteration omitted); *see also, e.g., Bristol-Myers Squibb*, 137 S. Ct. at 1780–81.

It is worth noting that "the New York long-arm statute does not extend in all respects to the constitutional limits." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60–61 (2d Cir. 2012); *see also Cortlandt Racquet Club, Inc. v. Oy Saunatec, Ltd.*, 978 F. Supp. 520, 526 (S.D.N.Y. 1997). Accordingly, where the requirements of New York's long-arm statute have been met, the "minimum contacts" and "reasonableness" requirements of due process often have been met as well. *See Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 108 (S.D.N.Y. 2015) (quoting *Licci ex rel. Licci*, 673 F.3d at 60–61).

## II. Arbitration Agreement

Faced with a valid, applicable arbitration agreement, the Federal Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). But whether an agreement to arbitrate exists and whether the dispute falls within the scope of that agreement are "matter[s] for judicial decision." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Flair Builders, Inc.*, 406 U.S. 487, 491 (1972); *see also Daly v. Citigroup Inc.*, 939 F.3d 415, 421 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 1117 (2020). The existence of an agreement to arbitrate is a question of state contract law. *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73–74 (2d Cir. 2017).

## DISCUSSION

### I. Personal Jurisdiction

In the absence of any affidavit from Defendant in connection with its motion, the Court will, as it must, accept as true the factual allegations of the Amended Complaint and the Reid Affidavit. *See MacDermid*, 702 F.3d at 728 ("Because [Defendant's] motion to dismiss was decided without a [jurisdictional] hearing and because [Defendant] submitted no affidavit testimony with the motion, the facts asserted in [Plaintiff's] complaint and affidavit in opposition to [Defendant's] motion are assumed to be true." (citing *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 56–57 (2d Cir. 1985))).

ADSS retained Mercury, a company headquartered in New York (Am. Compl. ¶ 2; Def.'s Br. 1) specifically "to obtain assistance . . . in selling military transport aircraft to foreign governments and the UN" (Def.'s Reply 2). Substantial work in connection with this consulting arrangement was performed out of Mercury's New York office (Am. Compl. ¶¶ 17–18). ADSS suggests in its briefing that Mercury is actually headquartered in Washington, D.C., because a Washington address was listed as the registered address of Mercury on the contract with ADSI, which ADSS had drafted. (Def.'s Br. 6.) It also points out that the same contract was signed by Mercury in Tampa, Florida. (Def.'s Br. 6.) Notwithstanding the arguments by Defendant, at this stage, given that doubts are construed in favor of the plaintiff, the Court finds that the registered address and the location of contract execution do not outweigh Mercury's allegation that it is headquartered in New York.

More importantly, representatives of ADSS visited New York City to attend meetings with Mercury employees at the United Nations and elsewhere in the City in connection with Mercury's consulting work and the potential sale of aircraft. (Reid Aff. ¶ 3.) This is quintessential transaction

of business and readily meets the requirements of the New York long-arm statute and constitutional due process at the 12(b)(2) stage.

The relevant jurisdictional allegations make clear that the contract was to be performed in New York, since that is where the consulting was to occur, and that ADSS representatives attended meetings in New York in furtherance of the consulting agreement. Specifically, the Amended Complaint (Am. Compl. ¶¶ 15–16, 18) and the jurisdictional affidavit filed as an exhibit to Mercury's opposition brief (Reid Aff. ¶¶ 2–4) allege that Defendant's representatives "visited New York for the purpose of meeting with parties to the contract regarding the relationship." *Sunward Elecs.*, 362 F.3d at 22 (quoting *Agency Rent A Car*, 98 F.3d at 29). Plaintiff would arrange meetings with government officials in connection with potential sales of aircraft, usually at the United Nations headquarters in New York City. (Am. Compl. ¶¶ 14–15; Reid Aff. ¶ 3.) Representatives of ADSS attended those meetings alongside Mercury employees. (Reid Aff. ¶ 3.) Representatives of Mercury and ADSS would also meet outside the United Nations complex, often at the W Hotel on Lexington Avenue in New York City, to discuss the U.N. meetings. (Reid Aff. ¶ 3.) The topic of discussion at all of these meetings was the sale of Airbus aircraft. (Reid Aff. ¶ 4.) These visits are undoubtedly of jurisdictional significance as purposeful activity in the forum state that is closely tied to the present controversy and support the finding that ADSS transacted business in New York within the meaning of New York's long arm statute. *See Sunward Elecs.*, 362 F.3d at 23 (finding that Defendants transacted business in New York where they "maintained a continuous and on-going commercial relationship with Plaintiff, a New York business," and "traveled to New York on two occasions to attend . . . training programs"); *see also O'Mahoney v. Susser*, 531 F. App'x 39, 42 (2d Cir. 2013) (summary order) (finding personal jurisdiction based on defendant's "initiation of a transaction aimed at securing money from New York, his meeting in New York with the lender and discussion

of final details regarding the [promissory] Note, and his transmittal of moneys to New York to satisfy the Note's obligations").

Furthermore, these meetings, which, given their U.N. component, could only have been held in New York City, reasonably suggest that ADSS knew that performance under the contract would involve substantial work conducted out of Mercury's New York office. *See Unlimited Care, Inc. v. Visiting Nurse Ass'n of E. Mass., Inc.*, 42 F. Supp. 2d 327, 331 (S.D.N.Y. 1999) (emphasizing relevance of whether contract is to be performed in New York (citing *Agency Rent A Car*, 98 F.3d at 29)). The Court need not wade into the jurisdictional quagmire of the U.N.'s physical headquarters. Even if actions taken at the U.N. are excluded from the jurisdictional analysis, ADSS's retention of Mercury, a citizen of New York, to provide consulting services and, in particular, its employees' attendance at meetings held in New York to obtain those services is sufficient to meet both the "transacting business" requirement of the New York long-arm statute and the constitutional "minimum contacts" test. *See Roxx Allison Ltd. v. Jewelers Inc.*, 385 F. Supp. 3d 377, 383 (S.D.N.Y. 2019) ("'By purposefully creating a continuous relationship with a New York corporation and by maintaining constant communications with it,' a defendant avails himself or herself 'of the benefits and privileges of transacting business in New York and is therefore subject to jurisdiction under N.Y. C.P.L.R. § 302(a)(1).'" (quoting *House of Diamonds v. Borgioni, LLC*, 737 F. Supp. 2d 162, 167 (S.D.N.Y. 2010))); *Fischbarg v. Doucet*, 9 N.Y.3d 375, 382–83, 849 N.Y.S.2d 501, 507, 880 N.E.2d 22, 28 (2007) (finding long-arm jurisdiction given defendants' "substantial ongoing professional commitment between themselves and plaintiff"); *see also Chatwal Hotels & Resorts*, 90 F. Supp. 3d at 108 ("Because the New York long-arm statute is more restrictive than the federal due process requirements, by virtue of satisfying the long-arm statute the minimum contacts and reasonable requirements of due process have similarly been

met."). Finally, it is clear, and indeed Defendant does not dispute, that if ADSS transacted business in New York, that business has a substantial nexus to the present suit.

ADSS's assertion that it did not intend to sell jets to New York residents misses the point and is not relevant to the jurisdictional analysis. Mercury, the New York citizen with whom ADSS contracted, is not in the business of buying or selling jets. Rather, it provides consulting services to entities such as ADSS that, in this particular instance, sell jets. The "transaction" subjecting Defendant to jurisdiction is its entry into a contract for consulting services by Mercury, a New York-based company, and, in particular, meeting with Mercury in New York in connection with those services. The operative business transaction is the contract for consulting services, not the sale of any aviation products.

On the record before it, the Court finds that, "based on the totality of the circumstances," *Sunward Elecs.*, 362 F.3d at 23 (quoting *Agency Rent A Car*, 98 F.3d at 29), Plaintiff has met its burden and provided sufficient evidence that ADSS transacted business in New York. The two *Sunward* factors applicable here support a finding of personal jurisdiction over ADSS. Specifically, ADSS maintained "an on-going contractual relationship with a New York corporation" and, "after executing a contract with a New York business, . . . visited New York for the purpose of meeting with parties to the contract regarding the relationship." *Id.* (quoting *Agency Rent A Car*, 98 F.3d at 29). Having contracted for consulting services from a New York company and come to New York to consult under that agreement, ADSS should have "reasonably anticipate[d] being haled into court" in New York in connection with this contact if it failed to pay for services rendered entirely in New York. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)); *see Bristol-*

*Myers Squibb*, 137 S. Ct. at 1780–81; *Goodyear*, 564 U.S. at 919.  Accordingly, Mercury has made a *prima facie* showing that ADSS is subject to personal jurisdiction in New York.

## II.    The Alleged Arbitration Agreement

Defendant's argument for dismissal based on a purported arbitration agreement is equally unavailing.  There are two potential contracts at issue in the Amended Complaint: the alleged verbal agreement between Mercury and ADSS and the attached, but not fully executed, written agreement between Mercury and ADSI (Am. Compl., Ex. 1), which ADSS refers to in its motion as a "draft agreement" (Def.'s Br. 2).  The parties appear to agree that the former if it exists would be governed by New York law, while the latter if it is an enforceable contract would be governed by Delaware law by the express terms of its choice of law provision.  ADSS seeks to merge the two "agreements" by claiming, without any citations to case law, that the alleged oral agreement with ADSS and the unexecuted, draft contract with ADSI "are a single, integrated agreement." (Def.'s Reply 5.)  This argument is unpersuasive.  That Mercury may have interacted with two subsidiaries of Airbus with respect to the same consulting project does not obviate their corporate separateness or render their agreements "one and the same."  (Def.'s Reply 5.)

Significantly, the purported arbitration agreement is contained only in the proposed written agreement sent to Mercury by ADSI.  A revised draft was returned by Mercury but never signed by ADSS.  There is therefore a fundamental issue of whether what ADSS itself calls "a draft" contract is enforceable under Delaware law by ADSI.  But the Court need not resolve this question because that purported contract was, by its terms, to be between Mercury and ADSI, which is no longer a party to this case.  (*See* Compl. Ex. 1.)  ADSS was not listed as a party to that agreement and has not alleged any basis to enforce the arbitration clause contained therein.  *NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*, 922 A.2d 417, 430 (Del. Ch. 2007) (finding nonsignatory

not bound by arbitration clause unless conferred with signatory status under common law); *see also Waldron v. Goddess*, 61 N.Y.2d 181, 185, 473 N.Y.S.2d 136, 138, 461 N.E.2d 273, 275 (1984) (finding that nothing in the contract extended the right to compel arbitration to a nonparty).

ADSS has proffered no evidence of an arbitration agreement between Mercury and ADSS. New York law is clear that, while an arbitration agreement need not be in writing, it must still be "clear, explicit and unequivocal . . . and must not depend on implication or subtlety." *Waldron*, 61 N.Y.2d at 183–84, 473 N.Y.S.2d at 137, 461 N.E.2d at 274 (collecting cases). On the limited record before it at this motion to dismiss stage, the Court cannot find "clear, explicit and unequivocal" evidence that Mercury had agreed to arbitrate with ADSS. *Id.*; *see also Isaacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d 564, 567 (S.D.N.Y. 2013) ("It has long been settled that arbitration is a matter of contract and that, therefore, a party cannot be compelled to arbitrate issues that a party has not agreed to arbitrate.").

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss the Amended Complaint for lack of personal jurisdiction and under the Federal Arbitration Act (ECF No. 25) is DENIED. The Defendant is directed to file an answer on or before September 7, 2020. The Clerk of the Court is respectfully requested to close the docket entry at ECF No. 25.

**SO ORDERED.**

Date:  **August 21, 2020**
     **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

# C L I F F O R D
# C H A N C E

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK, NY 10019-6131

TEL +1 212 878 8000
FAX +1 212 878 8375

www.cliffordchance.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__10/01/2020__

**BY ECF**

Direct Dial: +1 212 878 8205
E-mail: jeff.butler@cliffordchance.com

Hon. Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

September 25, 2020

**Mercury Public Affairs v. Airbus Defence and Space, 19 Civ. 7518 (MKV)**

Dear Judge Vyskocil,

On behalf of defendant Airbus Defence and Space, S.A.U. ("ADSS"), we write pursuant to the Court's Individual Rules to request a pre-motion conference with respect to a motion to stay this proceeding pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3. ADSS previously moved to dismiss the Amended Complaint in this action in favor of arbitration. The motion to dismiss was denied by the Court in an Opinion and Order dated August 21, 2020.

ADSS contends that the issues in this action are referable to arbitration based on a draft agreement executed by plaintiff Mercury Public Affairs LLC ("Mercury") in June 2014. Mercury alleges that the writing memorializes the terms of a "verbal contract" with ADSS allegedly entered in or about April 2013. The draft agreement contains an arbitration clause requiring disputes to be resolved by arbitration under the rules of the International Chamber of Commerce in Washington, DC.

We are aware that the Court has denied ADSS's motion to dismiss based on the arbitration clause. The Court's decision, however, was governed by a motion to dismiss standard, and the Court expressly referenced "the limited record before it at this motion to dismiss stage." (Op. at 12.) A motion to stay, in contrast, would be governed by a different legal standard and the Court could, if necessary, hold an evidentiary hearing to resolve any factual issues. *See Meyer v. Uber Technologies, Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (applying a standard similar to summary judgment to a motion to compel arbitration).

This case presents somewhat unusual circumstances relating to contract formation. Mercury is alleged to have begun work in April 2013 based on a verbal agreement with ADSS. That verbal agreement was later "memorialized" in a written agreement between Mercury and ADSS's

**C L I F F O R D**

**C H A N C E**

CLIFFORD CHANCE US LLP

affiliate, Airbus Defense and Space, Inc. ("ADSI"). In June 2014, it is alleged that ADSS provided a draft of the ADSI agreement to Mercury, which Mercury promptly executed and returned to ADSS. However, neither ADSS nor ADSI ever countersigned the writing executed by Mercury.

Several legal theories support the conclusion that the arbitration clause contained in the writing executed by Mercury is enforceable by ADSS. First and foremost, Mercury alleges that it had a verbal agreement with ADSS that was memorialized, at least in part, by the draft agreement between ADSI and Mercury. Thus, the Court could find that the arbitration clause in the draft agreement was a component of a verbal agreement between Mercury and ADSS (memorialized in writing) regardless of the named parties in the draft agreement.

In addition, the Second Circuit has recognized a number of situations in which a non-signatory may be bound by an arbitration clause in an agreement involving other parties under "ordinary principles of contract and agency." *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 97 (2d Cir. 1999). These principles include "(1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) estoppel." *Id.*; *Thomson–CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995). Here, if the Court finds that an enforceable arbitration agreement exists between ADSI and Mercury, the same clause could be extended to ADSS under several of these principles.

In particular, the Second Circuit has recognized a theory of estoppel that applies directly to the facts of this case. Under this theory, a signatory to an arbitration clause may be estopped from avoiding arbitration with a non-signatory "when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *Smith/Enron*, 198 F.3d at 98; *see also Thomson–CSF*, 64 F.3d at 779. In this case, of course, Mercury executed a draft agreement that contains an arbitration clause, and the issues in this case are intertwined with the content of the draft agreement.

The proposed motion to stay would address these issues in more detail, and would give the Court the opportunity to make factual findings concerning the agreement, if any, at issue in this case. Mercury has not consented to this motion.

Respectfully submitted,

*S/ Jeff E. Butler*

Jeff E. Butler

> Defendant's request for a pre-motion conference is DENIED. The parties should be prepared to discuss this matter at the Initial Pretrial Conference scheduled for October 27, 2020.
>
> SO ORDERED.
>
> Date: 10/01/2020
> New York, New York
>
> Mary Kay Vyskocil
> United States District Judge